[No. 1240. Decided June 21, 1894.]

THE TACOMA NATIONAL BANK, *Respondent*, v. ETTIE L. PEET *et al.*, *Appellants*.

CONTINUANCE — TERMS IMPOSED — PRESUMPTION OF REGULARITY — RIGHTS OF PARTIES.

Under § 832, Code Proc., a court in postponing a trial on the application of one of the parties cannot impose as a condition therefor that the applicant pay more than the sum of ten dollars to the adverse party, in addition to witness fees.

. The presumption that the proceedings of courts are regular does not obtain where the court has imposed an excessive condition for the postponement of a trial, when the adverse party has failed to comply with a request of the party applying for postponement to show the costs incurred.

Where a court has imposed the payment of attorney and witness fees as a condition for postponement of trial, but has not required immediate payment, the party upon whom the condition was imposed has a right to appear and defend at the trial, notwithstanding his failure to make payment.

*Appeal from Superior Court, Pierce County.*

*Parsons, Corell & Parsons,* for appellants.

*Campbell & Powell,* and *J. H. Parker,* for respondent.

The opinion of the court was delivered by

Scott, J.—When this cause was called for trial, the defendants made a showing upon which they applied for a continuance. The court ruled that the continuance might be had upon the following terms:

"That said defendants pay to the attorney for the plaintiff in said action the sum of $25, the same to be applied upon the costs and attorney's fee for the preparation of said action for trial at said time, and that the defendants pay the same as a condition for further appearing for defense in said action, and also that they pay the cost of entering the order of postponement; and the court then and there, before entering said order, advised the said counsel for said defendants to consult his partners, and to determine whether they would have a postponement of said cause on said terms, or arrange their affairs to proceed with the trial at that time. And said counsel then and there announced to the court that they would prefer the postponement of said cause on said motion of said defendants and on the terms aforesaid, but objected to the terms, and denied the power of the court to make same. That the said order was then and there made and entered, to which said order the said defendants, by their counsel, duly excepted, and particularly to the portion thereof making the payment of said sum a condition for further appearance and defense in the action."

On the 21st day of March, 1893, the defendants served upon the plaintiff the following notice:

" *To James H. Parker and Campbell & Powell, plaintiff's attorneys :*

"Please furnish us a copy of any costs incurred by you in preparation for the trial of this cause for the 16th day

of March inst., and a statement of witness fees claimed by you for that day's attendance.

"Dated March 21st, 1893.

PARSONS, CORELL & PARSONS,

*Attorneys for the defendants Barnett and Peet.*"

This demand was not complied with, and on the 27th day of March, when the cause was called for trial, an affidavit was made upon the part of defendants showing the service of such notice and failure to comply therewith, and that the defendants did not know the amount of costs which had been incurred, if any, for witness fees, and an offer to pay the same, whatever they were, together with the other costs, and an attorney's fee not exceeding ten dollars, as terms for such continuance, and the privilege of being allowed to appear and defend in said cause. No action appears to have been taken thereon other than the attorneys for the plaintiff objected to the defendants being allowed to appear and defend in consequence of their not having paid the said sum of $25, which objection was sustained, and an exception allowed, whereupon the case proceeded *ex parte* upon the part of the plaintiff, and defendants were not allowed to cross examine the plaintiff's witnesses nor participate therein in any manner. Judgment was rendered for plaintiff, and defendants appealed.

A number of questions are argued in appellant's brief, but owing to the condition of the record, and the certification by the lower court that the defendants should not be allowed to raise any other question upon the appeal than their right to appear and defend in said action, we shall confine our attention to that one question.

It is contended by appellants that said sum of $25 was in reality an attorney's fee which the court adjudged the defendants should pay to plaintiff as terms for said continuance, and that the court had no authority to impose the same; that the only terms which the court could impose

therefor was a sum not exceeding ten dollars under § 832 of the Code of Procedure, which is as follows:

"When an application shall be made to a court or referees to postpone a trial, the payment to the adverse party of a sum not exceeding ten dollars, besides the fees of witnesses, may be imposed as the condition of granting the postponement."

The respondent, while not disputing the force or application of the statute, contends we should presume that not to exceed ten dollars of said sum was imposed as an attorney's fee, and that the balance was made up for witness fees, and invokes the aid of the well known rule that the proceedings of courts are presumed to be regular. But we do not think that such a presumption should obtain in this instance in the face of the request made by the defendants upon the plaintiff to show the costs incurred, and in the entire absence of any showing in the record as to what such other costs were, or any claim that there were any.

The court had no power to impose more than ten dollars in addition to the other costs as a condition of such continuance, and could not make the right of the defendants to appear and defend dependent on the payment thereof. Immediate payment could have been required as a condition for the continuance. This not having been done, the sum stood as any other claim. It was not a fine in any sense, nor were the defendants in contempt of court, and they had a right to appear and defend at the trial.

Judgment should be reversed.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.